UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK J. BOUIE, Jr., | No. 2:17-cv-2044 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT FOX, Warden, | |
| Respondent. | |

### I. Introduction

Petitioner is a state prisoner currently incarcerated at the California Medical Facility (CMF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se with this habeas corpus action filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner paid the filing fee. This action challenges an October 16, 2013 disciplinary finding that petitioner was in constructive possession of a controlled substance with intent to distribute, a violation of Section 3016(c), Title 15, California Code of Regulations. See ECF No. 1 at 5; see also ECF No. 11-1 at 14.

Presently pending is respondent's motion to dismiss this action on the ground it was commenced beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d) or, alternatively, because petitioner failed to exhaust all his federal claims in the California Supreme Court, as required by 28 U.S.C.

1

§ 2254(b)(1). Petitioner contends his petition was timely filed and moves to stay and abey this action under Rhines v. Weber, 544 U.S. 269 (2005), while he exhausts his state court remedies. The briefing is now complete.[1]

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned recommends that respondent's motion to dismiss be granted.

## II. Chronology

The following dates and record facts are pertinent to the court's analysis.

At all relevant times, petitioner was incarcerated at Deuel Vocation Institution (DVI), with the following exceptions: (1) from January 7, 2014 to December 11, 2014, when he was incarcerated at High Desert State Prison (HDSP); (2) from at least February 23, 2015 through March 10, 2015, when petitioner was incarcerated at California State Prison Corcoran (CSP-COR); and (3) from March 11, 2015 through March 29, 2015, when petitioner was again incarcerated at HDSP.

On October 16, 2013, while incarcerated at DVI, petitioner was found guilty in a prison disciplinary proceeding for possession of a controlled substance with intent to distribute. See ECF No. 27-1 at 26-31. Three bindles of marijuana were located in petitioner's cell, two bindles in the light fixture and one bindle in the wall heater. Id.

On November 13, 2013, petitioner submitted an inmate appeal (Appeal Log No. DVI 13-03120) challenging the disciplinary decision on the ground, inter alia, that the cell had not been adequately searched prior to petitioner's move into the cell. ECF No. 27-1 at 32-3.

The appeal was initially rejected as incomplete on November 20, 2013. ECF No. 27-1 at 32, 38. Petitioner avers he did not receive notice of the rejection until December 26 or 27, 2013. Id. at 35, 40. Petitioner challenged the rejection on January 8, 2014. Id. at 38. On January 10,

---

[1] After respondent filed the motion to dismiss, ECF No. 11, and petitioner responded with a motion to stay and abey this action, ECF No. 19, the court directed further briefing, ECF Nos. 21, 31. Thereafter petitioner filed an opposition to respondent's motion, ECF No. 23, to which respondent replied, ECF No. 27; and respondent filed a response to petitioner's motion to stay, ECF No. 26. Petitioner set forth his final arguments on both matters in one document, as authorized by the court. ECF No. 32.

2

2014, the appeal was cancelled at First Level Review on the ground it was untimely submitted. Id. at 32, 40. When petitioner initially challenged the cancellation of this appeal, id. at 40, he was sent a duplicate of the original cancellation notice with a later date, February 28, 2014, id. at 41.

On March 6, 2014, petitioner submitted a new inmate appeal (Appeal Log No. DVI 14-02004), challenging the cancellation of Appeal Log No. DVI 13-03120. See id. at 42-6. The new appeal was rejected as incomplete on June 18, 2014, id. at 51, and cancelled as untimely on First Level Review on July 28, 2014, id. at 52.

Petitioner attempted to submit two subsequent appeals challenging the cancellation of his original appeal, without success.[2]

On March 9, 2015,[3] petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. ECF No. 27-1 at 1-69 (Ex. 1).

On May 5, 2015, the San Joaquin County Superior Court denied the petition on the merits in a written order, initially noting that "[i]t appears Petitioner made best efforts to exhaust his administrative remedies despite being impeded." ECF No. 1 at 31.

On April 29, 2016, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. ECF No. 11-1 at 1-48 (Ex. 1).

On May 6, 2016, the California Court of Appeal summarily denied the petition. See ECF No. 30 at 2.

On November 14, 2016, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. ECF No. 11-3 at 1-55 (Ex. 3). On November 25, 2016, petitioner

---

[2] On September 1, 2014, petitioner submitted another appeal at DVI (Appeal Log No. DVI-X-14-03224), attempting to challenge the cancellation of his original appeal based on alleged staff misconduct by the DVI Appeals Coordinator. Id. at 55-9. On September 11, 2014, the appeal was cancelled as duplicative of Appeal Log No. DVI-14-02004, because both appeals challenged the cancellation of Appeal Log No. DVI-13-03120. Id. at 61. Meanwhile, in April 2014, while incarcerated at HDSP, petitioner submitted an appeal for third level review in the first instance (Appeal Log No. HDSP-13-11421), challenging DVI's cancellation of his original appeal. The appeal was rejected on April 11, 2014. See ECF No. 27-1 at 47, 54.

[3] Unless otherwise noted, petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

3

filed a supplemental brief in the California Supreme Court. ECF No. 11-4 at 1-18 (Ex. 4).

On January 11, 2017, the California Supreme Court summarily denied the petition. ECF No. 11-5 at 2; see ECF No. 30 at 2.

On September 26, 2017, petitioner filed the instant federal habeas petition.[4] ECF No. 1.

### III. Statute of Limitations

#### A. Legal Standards

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period is commenced by one of four trigger dates. See id. For a state prisoner challenging an administrative, rather than state court, decision the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); see Shelby v. Bartlett, 391 F.3d 1061, 1062-63 (9th Cir. 2004).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). When pertinent, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey

---

[4] Although the petition itself was dated August 30, 2017, see ECF No. 1 at 20, the proof of service on the Attorney General's Office was dated September 26, 2017, id. at 38, which is consistent with the docketing of the petition in this court on the same date and, by application of the mailbox rule, see n.3, supra, a filing date of October 2, 2017.

4

v. Saffold, 536 U.S. 214, 216-17 (2002). However, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving application of equitable tolling. Banjo, 614 F.3d at 967 (citations omitted).

### B. Commencement of Limitations Period

#### 1. Factual Predicate Under 28 U.S.C. § 2244(d)(1)(D)

Because petitioner is challenging a state administrative decision, AEDPA's one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). See Shelby, 391 F.3d at 1062 (disciplinary decision); accord, Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) (parole decision). "[U]nder Redd and Shelby, when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.'" Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (citing Section 2244(d)(1)(D)). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id. at 1172 (emphasis added) (citing Shelby, 391 F.3d at 1066, and Redd, 343 F.3d at 1085).

#### 2. Date of Factual Predicate for Petitioner's Claims

The parties dispute the date of the "factual predicate" for petitioner's claims, and hence the date that AEDPA's one-year limitations period began to run. Respondent contends that the date of the factual predicate is February 28, 2014, when petitioner received the second notice informing him that his original appeal challenging his disciplinary conviction was cancelled. See ECF No. 11 at 4; ECF No. 27-1 at 41 (duplicate notice, with latest date). Petitioner contends that

5

the date of the factual predicate is April 18, 2014, the date when "petitioner received the third level's denial of his grievance." ECF No. 23 at 2, 20, ECF No. 27-1 at 47 (Ex. K).

The court is not persuaded that either party is correct. The Ninth Circuit has never expressly addressed when the factual predicate for a habeas claim challenging a prison disciplinary decision arises in the absence of a timely administrative appeal that is accepted for review.[5] In Redd, Shelby and Mardesich, supra, the Court of Appeals addressed administrative decisions that had become final upon completion of an administrative appeals process. Here, petitioner's attempted administrative appeals were rejected on procedural grounds. Having reviewed the various approaches of the California district courts to similar situations, the undersigned concludes that petitioner's statute of limitations may not have begun running until July 29, 2014, the day after Appeal Log No. DVI 14-02004 was cancelled as untimely on First Level Review.

In California, an inmate challenging a prison disciplinary conviction must exhaust, or diligently attempt to exhaust, all available administrative remedies before pursuing habeas relief in the state courts. See In re Dexter (1979) 25 Cal. 3d 921, 925 (1979). Exhaustion of state court remedies is, in turn, a prerequisite for a federal court's authority to grant federal habeas relief. See 28 U.S.C. § 2254(b). Under California prison regulations, an inmate appeal must pass through three levels of administrative review to be deemed exhausted on Third Level Review. Cal. Code Regs. tit. 15, § 3084.1(b). An appeal may instead be rejected, id. § 3084.6(b), or cancelled, id. § 3084.6(c), which does not exhaust administrative remedies. Nevertheless, a rejected appeal may be timely resubmitted with corrections, id. § 3084.6(b), (c)(10), and the cancellation of an appeal may itself be separately appealed, id. § 3084.6(e). If a prisoner prevails

---

[5] See Duran v. Davey, 2016 WL 4524812, at *2, 2016 U.S. Dist. LEXIS 115937, at *6, Case No. 1:16-cv-0100 LJO EPG HC (E.D. Cal. Aug. 29, 2016), report and recommendation adopted Oct. 25, 2016 ("The Ninth Circuit has yet to address explicitly what constitutes the factual predicate of a habeas claim when the petitioner did not timely request review of the administrative decision at issue."); Clark v. McEwen, 2012 WL 1205509, at *7, 2012 U.S. Dist. LEXIS 50931, at *19 (S.D. Cal. Feb. 28, 2012), report and recommendation adopted Apr. 11, 2012 ("The Ninth Circuit has not expressly addressed when the factual predicate for a claim could have been discovered if the petitioner did not timely submit a grievance challenging the administrative ruling.").

6

on an appeal challenging the cancellation of a prior appeal, the cancelled appeal may then be considered on the merits. Id. § 3084.6(a)(3).

When an inmate diligently attempts to comply with applicable administrative procedures to exhaust his administrative remedies, but fails to complete the process, the latest rejection or cancellation notice may constitute the factual predicate under Section 2244(d)(1)(D). See e.g. Craig v. Biter, 2012 WL 1901510, at *2-3, 2012 U.S. Dist. LEXIS 72748, at *7-9 (E.D. Cal. May 24, 2012) (Case No. 1:11-CV-02165 AWI MJS HC), report and recommendation adopted July 23, 2012) (assuming for calculation purposes that statute of limitations began running when inmate appeal was rejected on procedural grounds); Nguyen v. Lewis, 2014 WL 5335283, at *2-3, 2014 U.S. Dist. LEXIS 149262, at *9-10 (N.D. Cal. Oct. 17, 2014) (assuming for calculation purposes that statute of limitations began running when petitioner received notice of the cancellation of his original appeal).

In the instant case, petitioner's original inmate appeal challenging the October 16, 2013 disciplinary conviction (Appeal Log No. DVI 13-03120) was initially submitted by petitioner on November 13, 2013, and rejected as incomplete on November 20, 2013. ECF No. 27-1 at 32, 38. Petitioner avers his original appeal was timely and that he did not receive notice of its rejection until December 26 or 27, 2013. Id. at 35, 40. Seeking permission to resubmit the original appeal in completed form, petitioner challenged its rejection on January 4 and 8, 2014. Id. at 34, 38. On January 10, 2014, the appeal was cancelled at First Level Review because untimely submitted. Id. at 32, 40. Petitioner received a duplicate First Level Review cancellation notice dated February 28, 2014. Id. at 40, 41. Within a week, on March 6, 2014, petitioner submitted a new inmate appeal (Appeal Log No. DVI 14-02004), challenging the cancellation of Appeal Log No. DVI 13-03120. See id. at 42-6. The new appeal was initially rejected as incomplete on June 18, 2014, id. at 51, and cancelled as untimely on First Level Review on July 28, 2014, id. at 52.

As previously noted, respondent contends that the limitations period runs from the February 28, 2014 notice informing petitioner that his original appeal was cancelled. However, at that point further administrative remedies remained available. Under California law, the cancellation of an appeal is separately appealable. Cal. Code Regs. tit. 15, § 3084.6(e). Petitioner

availed himself of this administrative remedy by submitting Appeal Log No. DVI 14-02004. The cancellation of this appeal was the administrative decision that foreclosed substantive review of petitioner's original appeal and therefore reconsideration of his disciplinary conviction. With this decision, petitioner had no further administrative remedies and his disciplinary conviction became administratively final.

This reasoning supports a finding that July 28, 2014 is the latest date petitioner discovered the factual predicate for his habeas claims "through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Under this construction, the one-year limitations period commenced the following day, on July 29, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of period excludes the day of the event that triggered the period, by application of Fed. R. Civ. P. 6(a)). The court will adopt this commencement date for purposes of analysis. See Craig v. Biter, supra; Nguyen v. Lewis, supra.[6]

### C. Running of the Limitations Period

With a commencement date of July 29, 2014, the limitations period under 28 U.S.C. § 2244(d)(1) expired one year later, on July 28, 2105, unless extended by statutory and/or equitable tolling. Petitioner filed his federal petition more than two years later, on September 26, 2017.

---

[6] Accord, Bun v. Lopez, 2011 WL 2620377, at *3, 2011 U.S. Dist. LEXIS 70403, at *10 (E.D. Cal. June 30, 2011) (Case No. 1:10-cv-01274 LJO MJS HC) (federal petition untimely even if the third level rejection date of petitioner's untimely administrative appeal is liberally construed as the factual predicate for petitioner's challenge to his disciplinary conviction); Xiong v. Adams, 2010 WL 3069245, at *2, 2010 U.S. Dist. LEXIS 78525, at *7-8 (E.D. Cal. Aug. 3, 2010) (Case No. 1:11-cv-02165 AWI MJS HC) (federal petition untimely even if construe factual predicate as the date petitioner received notice that his appeal, which was earlier rejected at the first level for procedural deficiencies, was rejected at the third level for failure to complete second level review); Strack v. Campbell, 2007 WL 4523097, at *6, 2007 U.S. Dist. LEXIS 93232, at *17-8 (E.D. Cal. Dec. 19, 2007) (Case No. 2:07-cv-0580 RRB DAD P), report and recommendation adopted Feb. 21, 2008 (federal petition untimely even if liberally construing the "screen out" of petitioner's second untimely appeal as the factual predicate for challenging his disciplinary conviction); see also Sandoval v. Woodford, 2009 WL 161066, at *3, 2009 U.S. Dist. LEXIS 4495, at *7-8 (E.D. Cal. Jan. 22, 2009) (Case No. 1:08-cv-0566 WMW HC) (federal petition challenging denial of credits untimely "even if the date of the [appeal] screen-out decision is used as the operative date" for the factual predicate); Hecker v. Hubbard, 2008 WL 4058713, at *3, 2008 U.S. Dist. LEXIS 76126, at *8-9 (E.D. Cal. Aug. 27, 2008) (Case No. 2:07-cv-1511 FCD GGH P) (federal petition untimely even if the latest rejection date of petitioner's untimely administrative appeals is liberally construed as the factual predicate for petitioner's challenge to his loss of credits).

Therefore, this court must consider the parties' arguments concerning both statutory and equitable tolling. The court addresses equitable tolling first, because the period for which petitioner seeks equitable tolling precedes the period for which any statutory tolling might apply.

### 1. Equitable Tolling

Petitioner asserts two grounds for equitable tolling: (1) his status as a patient in CDCR's mental health program from March 1, 2014 through March 27, 2015; and (2) the deprivation of his legal property (a) from August 13, 2014 to February 9, 2015, and (b) from March 10, 2015 to February 9, 2016.

#### a. Mental Incompetence

Petitioner contends he is entitled to equitable tolling due to his mental incompetence. He contends that "[p]rior to, between, and after the respondent's alleged relevant dates of 3-1-14, and 3-27-15, petitioner was a patient in CDCR's mental health care program. He suffered from psychotic, anxiety, and panic features and poor impulse control. Petitioner also suffered from a mood disorder and all prevented him from being mentally competent of his legal deadlines. When he was not suffering from his mental circumstance petitioner was under the influence of his medications that ultimately slowed his thinking, making it that much more difficult for him to focus or keep his train of thought." ECF No. 23 at 2, 4-5 (citing Pr. Ex. B, ECF No. 23 at 52-71).

Respondent responds:

> [Petitioner] fails to demonstrate that his participation in the mental health program was an extraordinary circumstance that made the timely filing of his Petition impossible. Bouie only provides documentation concerning his mental health for a period of 37 days, from February 23, 2015 through March 29, 2015. The documentation indicates that during that entire time period he was alert, oriented, and was not having side effects to any prescribed medications. (ECF No 23 at 53-56, 61, 64-66, 71.) Moreover, during this time Bouie was out to court, was visiting the law library, and he successfully filed his initial habeas petition in San Joaquin Superior Court. (ECF No. 23 at 56-57.) Thus, Bouie has not met his burden of demonstrating that his mental health condition was the actual cause of his untimeliness or that he was diligently pursuing his rights during this time. Bouie is, therefore, not entitled to any equitable tolling because of his mental health.

ECF No. 27 at 5.

"A petitioner seeking equitable tolling on the grounds of mental incompetence must show

9

extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) (citing Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)). "[T]he petitioner must [also] show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.'" Orthel, 795 F.3d at 938-39 (quoting Bills, 628 F.3d at 1100). "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010) (cited with approval in Orthel, 795 F.3d at 939-40).

Respondent is correct that petitioner's documentation in support of his alleged mental incompetence spans only 37 days, from February 23, 2015 through March 29, 2015. The records begin during petitioner's incarceration at California State Prison Corcoran (CSP-COR) where mental health professionals found petitioner alert, fully oriented, and communicating effectively with no signs of decompensation or other mental health concerns. During this period, petitioner was not taking psych medications. See Pr. Ex. B, ECF No. 23 at 53-59 (records from Feb. 23, 2015 through Mar. 10, 2015). Moreover, petitioner was visiting the law library and reported concern about his legal matters. Id. at 54, 57. From March 11, 2015 through March 29, 2015, petitioner was temporarily transferred to High Desert State Prison (HDSP) to attend a court hearing. See id., ECF No. 23 at 60-71. Petitioner continued to remain alert and fully oriented, without mental health concerns. Id. at 61, 64-66, 71. Although Petitioner "went off medications while housed in ASU [Administrative Segregation Unit] at HDSP due to having to work on legal work," id. at 61, his "[t]hought process [was] linear and goal directed . . . focused on family and court proceedings." Id. at 61; see also id. at 71 ("Thought process linear and goal directed . . . focused on current court case.").

This evidence demonstrates that petitioner had sufficient mental competence to personally

prepare and file a habeas petition, and to attempt to do so in a timely manner. As respondent notes, it was during this period, on March 9, 2015, that petitioner filed his first state habeas petition in the San Joaquin County Superior Court. See ECF No. 27-1 at 1-69 (Ex. 1). Review of the petition demonstrates it is coherent and clearly presented, with numerous organized and referenced exhibits; the petition reflects petitioner's understanding of the habeas process and his effort to satisfy its requirements. The undersigned finds that this evidence fails to support petitioner's claim of mental incompetence. Although petitioner's mental status may have presented challenges, the limited evidence he has presented does not obligate this court to further develop the record through additional briefing or an evidentiary hearing. See Roberts, 627 F.3d at 773.

### b. **Deprivation of Legal Property**

Petitioner contends that he did not have access to his legal property during two extended periods: (i) from August 13, 2014 to February 9, 2015, and (ii) from March 10, 2015 to February 9, 2016. Respondent does not dispute petitioner's factual assertions but argues that petitioner has failed to demonstrate these periods caused the delays in his habeas filings, or that he diligently pursued his rights.

The Ninth Circuit Court of Appeals has held that "a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005). In Espinoza-Matthews, the Ninth Circuit applied granted equitable tolling for the 11 months that petitioner was denied access to his legal files while in administrative segregation, as well as the reasonable time ("slightly over one month") it took petitioner to prepare and file his federal petition after the return of his legal materials. 432 F.3d. at 1027-28. To obtain equitable tolling based on lack of access to one's legal property, the petitioner must present evidence demonstrating a "causal connection" between this extraordinary circumstance and petitioner's failure to file a timely petition. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005).

11

### i. August 13, 2014 to February 9, 2015

Petitioner explains as follows:

> On August 13, 2014, petitioner was placed in administrative segregation (AD-SEG). Upon being placed in AD-SEG, his legal documents were confiscated along with his personal property. On 9-7-14, he submitted a request form (Form 22) asking for her legal/personal property to no avail. These requests went on until 11-6-14, and even then petitioner was issued only two (2) 8 x 10 legal envelopes and none contained the legal documents pertaining to this case. Petitioner again submitted a 22 Form requesting said property in full. Even when petitioner did receive all his legal documents, it was not until Feb. 9, 2015.
>
> The limitations governing his habeas petition should be equitably tolled [] because he was denied access to his legal material while in AD-SEG . . . .

ECF No. 23 at 5-6 (citing id. at 21-2).

In support of these dates petitioner references Paragraphs 42-51 of his superior court habeas petition. See ECF No. 27-1 at 9-10. These paragraphs detail the confiscation of petitioner's legal property and petitioner's efforts to obtain these materials, and are supported by petitioner's exhibits. Respondent does not dispute that petitioner was without his legal property from August 13, 2014 until February 9, 2015.

Within a month after receiving his legal property, petitioner filed his first state habeas petition on March 9, 2015, in the San Joaquin County Superior Court.

However, beginning the next day, March 10, 2015, petitioner was deprived of his legal property for a second prolonged period.

### ii. March 10, 2015 to February 9, 2016

In support of his contention he was without his legal property from March 10, 2015 to February 9, 2016, petitioner relies on exhibits submitted in support of respondent's motion to dismiss. These include an inmate appeal petitioner filed on June 11, 2015, seeking access to his legal property, which he stated was taken March 10, 2015 when petitioner was transferred from CSP-COR to HDSP. See ECF No. 11-1 at 32-4. Petitioner continued to pursue the appeal and his request, without success, on October 2, 2015, id. at 35; December 21, 2015, id. at 36; and February 1, 2016, id. at 37. Petitioner avers that he finally received his legal property on

12

February 9, 2016. Respondent does not dispute that petitioner was without his legal property from March 10, 2015 until February 9, 2016.

Within less than three months, petitioner filed his second state petition for writ of habeas corpus, in the California Court of Appeal, on April 29, 2016.

### iii. Analysis

Respondent does not dispute petitioner's factual assertions that he was deprived of his legal materials during the above-noted dates, and petitioner's evidence supports his contentions. Such deprivation may well support equitable tolling. See Ramirez, 571 F.3d at 998; Espinoza-Matthews, 432 F.3d at 1027-28. Petitioner has failed, however, to specifically identify legal materials that were missing and that were necessary to preparation of the instant petition. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (petitioner's allegation he lacked access to legal files must include specific instances when he needed a particular document that he could not procure). This court need not develop these facts further, however, because the federal petition is untimely even if petitioner is entitled to equitable tolling for the periods he was without his legal materials.

To explain this conclusion, the court now turns to the issue of statutory tolling, assuming for purposes of discussion only that the limitations period was equitably tolled for the longest period possible: continuously from August 13, 2014 through February 8, 2016.

### 2. Statutory Tolling

Assuming that the date of the factual predicate for petitioner's federal claims is July 29, 2014, the one-year limitations period commenced on July 29, 2014. Fifteen days later, on August 13, 2014, petitioner was initially deprived of his legal materials. If equitable tolling applies from that date until petitioner's legal materials were restored to him on February 8, 2016, the limitations period resumed running on February 9, 2016 with only 15 days having elapsed.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal on April 29, 2016. ECF No. 11-1 at 1-48. Petitioner's habeas petition in the superior court had been

////

////

denied almost a year before, on May 5, 2015.[7]  ECF No. ECF No. 1 at 31.  It is highly doubtful that the April 2016 petition can be considered "properly filed" for purposes of Section 2244(d)(2).  To be "properly filed" and support statutory tolling, an application for state collateral relief must be timely.  Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005).  California does not have a statute of limitations for habeas petitions; to be timely, petitions at each level of the state court system must be filed within a "reasonable time."  See Banjo, 614 F.3d at 968.  When a California prisoner takes longer to file a petition in a higher court than the 30 to 60 days periods that most states provide for appeals, the delay is unreasonable and tolling will not apply.  Evans v. Chavis, 546 U.S. 189, 201 (2006).

It is conceivable, though highly unlikely, that the state courts would have excused the delay in proceeding to the Court of Appeal on grounds related to the prior deprivation of legal materials.  Application of statutory tolling through disposition in the Court of Appeal will not save the federal petition, however.  Even if only 15 days of the limitations period had passed when the Court of Appeal denied the petition on May 6, 2016,[8] petitioner did not seek collateral review in the California Supreme Court until November 14, 2016, more than six months later.  This unexplained delay is unreasonably long.  Evans, 546 U.S. at 201 (six month delay defeats tolling).  Accordingly, petitioner is not entitled to statutory tolling for the period between the Court of Appeal denial and the filing of the petition for collateral review in the California Supreme Court.  And because the delay renders the petition to the California Supreme Court untimely, its filing cannot support statutory tolling.  See Pace, 544 U.S. at 414-415.

If the statute of limitations resumed after the Court of Appeal denied relief on May 6, 2016, with 350 days left, petitioner's deadline to file a federal petition was April 21, 2017.  The federal petition was filed on September 26, 2017, over five months after the limitations period expired, and is untimely.  Needless to say, absent tolling prior to and during the pendency of the

---

[7] Because the court is already assuming tolling during the period that the superior court petition was pending, application of Section 2244(d)(2) to this petition need not be considered.

[8] This would be the case only if petitioner were entitled to "gap tolling" for the entire period between his superior court and Court of Appeal petitions, see Gaston v. Palmer, 417 F.3d 1030, 1041 (9th Cir. 2005).  That is an extremely dubious proposition.

14

Court of Appeal decision, the federal petition is even more untimely.

**D.     Conclusion: The Petition Is Barred by The Statute of Limitations**

For the reasons set forth above, the petition is untimely even if the limitations period did not begin running until July 29, 2014; even if petitioner receives equitable tolling for the entire period of time that he was without his legal materials; and even if petitioner is entitled to statutory tolling through the Court of Appeal's denial of his habeas petition. These are the most generous assumptions that could be made in this case, and they do not defeat operation of the statute of limitations. Accordingly, respondent's motion to dismiss must be granted. The court need not reach respondent's alternative argument that the petition should be dismissed for non-exhaustion.

**IV.     Motion to Stay and Abey**

District courts have the authority under limited circumstances to stay unexhausted petitions to permit exhaustion of the claims in state court. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). However, it would be futile to grant a stay as to time-barred claims. The present petition is untimely in its entirety for the reasons previously discussed, and any other putative claims related to petitioner's 2013 disciplinary proceedings would also be time-barred. See Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013) (later-added claim must relate back to a timely filed federal petition). Further belated state court proceedings would neither revive the statute of limitations nor provide any new avenue to evade its operation. See Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner cannot meet the Rhines requirement that his claims have potential merit. See Rhines, 544 U.S. at 277-78. Accordingly, petitioner's motion to stay this action should be denied both on its merits and as moot in light of the required dismissal of this case.

**V.     Conclusion**

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss this action, ECF No. 11, be GRANTED;

2. Petitioner's motion to stay and abey this action under Rhines v. Weber, 544 U.S. 269 (2005), ECF No. 19, be DENIED; and

////

3. The instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, be DISMISSED because untimely filed under 28 U.S.C. § 2244(d)(1)(D).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. **No extensions of time will be granted due to exigencies in the court's calendar. Petitioner is advised that objections need not include briefing, they need only identify the findings and recommendations to which he objects.** Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: September 12, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE