UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:17-cv-2044 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT FOX, | |
| Respondent. | |

By order filed December 20, 2018, respondent's motion to dismiss was granted and the petition was dismissed as untimely. ECF No. 40. Petitioner has now filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). EFC No. 44.

Rule 60 of the Federal Rules of Civil Procedure provides that the court may grant relief from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The rule further provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Petitioner seeks relief under Rule 60(b)(1) and (6) from the December 20, 2018 order dismissing his petition (ECF No. 40).  ECF No. 50 at 7-8.  He argues that the District Judge erred in adopting the September 12, 2018 findings and recommendations, which found that the petition was untimely due to an unexplained, six-month delay, even though his state petitions were not denied as untimely, he had been separated from his legal property during that time, and he was still pursuing his administrative remedies.  Id. at 8-9, 12-16.

To the extent petitioner relies on subsections 1 of Rule 60(b), his motion is clearly untimely as it exceeds the one-year time limit by over fourteen months and should be denied.  Petitioner also argues that, in the alternative, he should be granted relief under Rule 60(b)(6).  ECF No. 50 at 9.

> A party seeking relief under Rule 60(b)(6) must satisfy three requirements.  The motion cannot be premised on another ground delineated in the Rule, See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 & n.11, 108 S. Ct. 2194, 100 L. Ed.2d 855 (1988); it must be filed "within a reasonable time," see Fed. R. Civ. P. 60(c)(1); and it must demonstrate "extraordinary circumstances" justifying reopening the judgment, See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993).  Extraordinary circumstances occur where there are "other compelling reasons" for opening the judgment.  Klapprott v. United States, 335 U.S. 601, 613, 69 S. Ct. 384, 93 L. Ed. 266 (1949).

Bynoe v. Baca, 966 F.3d 972, 979 (9th Cir. 2020).  However, petitioner's motion simply repeats arguments made in his opposition to the motion to dismiss, ECF No. 23, objections to the September 12, 2018 findings and recommendations, ECF No. 36, and reply in support of his objections, ECF No. 38, and is little more than a request that the court reconsider its previous decision.  Petitioner was clearly aware of these circumstances in 2018, when his petition was

////

dismissed, and he therefore fails to demonstrate that the instant motion, brought over two years later, was brought "within a reasonable time."

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgement, ECF No. 50, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 9, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3